# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-247V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * *
TARAH GRAMZA, on behalf of her minor    *
child, J.G.,                            *
                                        *             Special Master Corcoran
                    Petitioner,         *
                                        *             Dated: June 28, 2017
v.                                      *
                                        *             Attorney's Fees and Costs;
                                        *             Interim Fees; Expert Costs.
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
                    Respondent.         *
                                        *
* * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Darryl R. Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 10, 2015, Tarah Gramza filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] on behalf of her minor daughter, J.G. Petitioner alleges that J.G. suffered from antiphospholipid antibody syndrome and thrombocytopenia as a result of receiving the Human Papillomavirus vaccine on January 7, 2012; July 26, 2012; and January 23, 2013. An entitlement hearing was held on June 6-7, 2017, in Washington, DC.

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $156,979.08 (representing $96,076.50 in attorney's fees and $60,902.58 in costs). *See generally* Motion for Interim Attorney's Fees and Expenses, filed June 14, 2017 (ECF No. 60) ("Interim Fees App."). In addition, Petitioner states that she has separately incurred $672.10 of personal costs in connection with this proceeding. Interim Fees App. at 3.

Respondent reacted to the motion on June 15, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. ECF No. 62 ("Opp.") at 2. Respondent otherwise represents that the statutory and other legal requirements for an award of attorneys' fees and costs are met, and he recommends that I calculate a reasonable award if I find that the requirements for an interim award are met. Opp. at 2-3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$141,994.46**.

**Procedural History**

This action has been pending for over two years. Pet. at 1, filed March 10, 2015 (ECF No. 1). As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Andrew Downing, Esq., began working on the matter on February 11, 2015, one month before the case was filed. *See* Ex. A to Interim Fees App. (ECF No. 60-1) at 1. The case thereafter proceeded efficiently, with Petitioner filing her medical records and statement of completion by May 2015, and Respondent filing his Rule 4(c) Report on May 26, 2015. ECF No. 12.

After an extension of time, Petitioner was able to file an expert report from Dr. Yehuda Shoenfeld on August 27, 2015 (ECF No. 20), along with several pieces of medical literature. ECF Nos. 21-26. Respondent thereafter filed expert reports from Dr. Carlos Rosé and Dr. Thomas Forsthuber, as well as relevant medical literature, on November 23, 2015. ECF Nos. 28-30. Respondent also filed an amended Rule 4(c) Report, indicating that he would now argue that systematic lupus erythematosus ("SLE") was the actual cause of J.G.'s injuries. ECF No. 31. Petitioner then filed a supplemental report and additional medical literature from Dr. Shoenfeld on February 15, 2016 (ECF Nos. 32-35), followed by Respondent filing additional medical literature and supplemental expert reports on March 23, 2016 (ECF Nos. 36-38).

I subsequently set the matter for an entitlement hearing on June 6-7, 2017. ECF No. 40. Prior to the hearing, the parties both continued to submit medical literature and additional exhibits. Petitioner filed her pre-hearing brief on February 22, 2017 (ECF No. 50), Respondent filed his pre-hearing submissions on March 15, 2017 (ECF No. 52), and Petitioner filed a reply brief on April 21, 2017 (ECF No. 54). The hearing took place as scheduled.

Petitioner filed the present interim request for an award of attorney's fees and costs on June 14, 2017. *See generally* Interim Fees App. Petitioner chose to file a "short form" request in order to avoid accumulating additional attorney's fees and costs. *Id.* at 1. Petitioner states that the requested hourly rates have previously been found to be reasonable by other special masters, and that no previous interim fees award has been awarded in this matter. *Id.* at 1-2.

Petitioner specifically requests that Andrew Downing be compensated at a rate of $350 per hour for work performed from 2015-2016, and $375 per hour for work performed in 2017. Ex. A to Interim Fees App. at 37. She also requests that associates Courtney Van Cott and Jordan Redman both receive $195 per hour for their work performed from 2015-2017. *Id.* For the work of two paralegals, Petitioner requests compensation at a rate of $100 per hour for work performed from 2015-2016, and $135 per hour for work performed in 2017. *Id.* Petitioner additionally requests $60,902.58 in attorney's costs (for flights, lodging, meals, and obtaining medical records), as well as $672.10 for fees that she separately incurred (for meals in Washington, DC, during the entitlement hearing). *Id.* at 1, 33-36; Ex. B to Interim Fees App.

## ANALYSIS

### I.   Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Here, I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V,

3

*slip op.* at 3 (Apr. 17, 2017). This matter meets all these criteria. It has been pending for over two years, and though the hearing has already taken place, it is likely that this case will take additional time to resolve due to the parties' request to file post-hearing briefs before I write my decision. The total amount of attorney's fees requested also exceeds the minimum threshold that I find to be appropriate, and it is likely Petitioner will continue to incur additional attorney's fees. Petitioner's expert has also testified, and I find that his testimony and reports will be useful in the resolution of this matter. Therefore, while I do not always find an interim fees award appropriate, this case merits an interim award.

## II.     Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

  In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2015-2017, as detailed above. The attorneys practicing at Van Cott & Talamante, located in Arizona, have repeatedly been found to be "in-forum" and therefore justified to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g., Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). Recently, two special masters awarded the specific rates requested herein for the same time periods to Mr. Downing, his associates, and his paralegals in reasoned decisions. *See Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696 (Fed. Cl. Spec. Mstr. May 26, 2017); *Bales v. Sec'y of Health & Human Servs.*, No. 15-882V, 2017 WL 2243094 (Fed. Cl. Spec. Mstr. Apr. 26, 2016). I find this reasoning persuasive, and therefore the requested rates will be awarded.

The majority of the hours expended on this matter (350.8 hours in total), while somewhat high, also appear to be reasonable for a case that has lasted two years then gone to an entitlement hearing. This case has also proceeded in a timely fashion, and Petitioner's attorneys efficiently used their time to collect the necessary medical records and medical literature relevant to this case.[4]

I will, however, make one adjustment to the time awarded for attorney services. On June 5, 2017, and June 8, 2017, both Mr. Downing and Ms. Van Cott billed 15 hours each for travel to and from the entitlement hearing in Washington, DC (7.5 hours to DC and 7.5 hours back to Arizona). Ex. A to Interim Fees App. at 14, 32. But it is common practice in the Program to compensate hours spent traveling at one-half of the normal hourly attorney rate (although the fact that an attorney is traveling is not dispositive of how to treat such attorney time). *See, e.g., King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2524564, at *4 (Fed. Cl. Spec. Mstr. July 27, 2009); *Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, at *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009). An award of full attorney's fees for travel is appropriate only if sufficient documentation exists specifying the work performed while traveling. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

Here, the billing invoices reflect only travel time, with no description of any work performed. Ex. A to Interim Fees App. at 14, 32. In fact, one of Mr. Downing's entries specifically indicates that he was not able to complete any work because the internet on the relevant flight was not working. *Id.* at 14. Therefore, the lack of documentation of any work being performed during this period demonstrates that these hours do not merit full compensation under Program standards, and the normal practice of awarding half-time for travel will apply. I will therefore award only 7.5 hours to Mr. Downing for his travel, and 7.5 hours to Ms. Van Cott for her travel to the hearing.

---

[4] I do note that the time Ms. Van Cott spent drafting Petitioner's pre-hearing brief was somewhat excessive. I will award the requested hours in this instance; however, counsel is warned that excessive time devoted to such filings will be more closely scrutinized and potentially denied.

I otherwise do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the remaining hours will be reimbursed in full.

**III.     Requested Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expenses incurred while traveling in relation to the claim. *Reginelli v. Sec'y of Health & Human Servs.*, No. 14-972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016). This also includes expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

The requested attorney's costs can be sorted into several different categories. First, Petitioner requests a total of $33,840.00 for Dr. Shoenfeld's expert work on this matter. Ex. A to Interim Fees App. at 33-34, 36. Petitioner next asks for $10,814.23 in airfare expenses, as well as $14,253.99 in lodging costs during the entitlement hearing in DC, for the Gramza family, Dr. Shoenfeld, Mr. Downing, and Ms. Van Cott. *Id.* at 34-35. In connection with meals eaten during the entitlement hearing, Petitioner asks for $617.50. *Id.* at 35-36. Petitioner requests $175.18 for cabs and parking costs associated with travel from the airport to the Court, as well as a $50.00 cost for Ms. Van Cott's checked luggage on her flight. *Id.* at 34-36. Finally, Petitioner requests $400.00 for the filing fee, $36.40 in postage costs, $399.10 in photocopy charges, and $316.18 for legal research costs. *Id.* at 33-36.

Dr. Shoenfeld charged an hourly rate of $500 for 53.5 hours of work, plus $250 for 28 hours of travel time. Ex. A to Interim Fees App. at 68-69. This rate is higher than what I have previously determined to be Dr. Shoenfeld's appropriate hourly rate, however. *See Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2016 WL 5224406, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2016) (noting several decisions in which Dr. Shoenfeld has been limited to $400 per hour). I will award all of the time requested for his services, but based upon the $400 hourly rate I previously awarded, and $200 per hour for his travel time (consistent with Dr. Shoenfeld's requested reduced rate). Petitioner also requests reimbursement for payment of Dr. Shoenfeld's retainer in the amount of $4,090.00, which will be awarded.

There are also problems with some of the additional requested litigation costs. Specifically, Petitioner requested reimbursement for several days of travel-related costs prior to the hearing date for both Petitioner and four members of her family, as well as her counsel and expert. The hearing

6

occurred on two days: June 6-7, 2017. Therefore, the only necessary days for the parties and their experts to be present in Washington, DC, were June 5-8, 2017. Yet, Petitioner's fees application includes requests for reimbursement of expenses for lodging and food on June 3-4, as well.

The decision to deny travel costs where a petitioner's counsel traveled unnecessarily early to a hearing in advance of the argument has been upheld. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 732 (2011) (upholding special master's determination that it was unnecessary for petitioner's counsel to travel two days before the argument, despite traveling from a different time zone). I find that these travel-related costs were similarly inappropriate. The Program is not responsible for reimbursing an extended visit to Washington, DC, for counsel or petitioners themselves, regardless of the distance the parties must travel.

Some of the travel-related costs pose additional problems relating to the number of days spent in DC. Ex. A to Interim Fees App. at 35-36. The lodging costs for the hotel rooms will be adjusted to reflect payment only for June 5-8, resulting in a deduction of $1,253.78 for Petitioner's lodging; $574.95 for Mr. Downing's lodging; $447.70 for Ms. Van Cott's lodging; and $447.70 for Dr. Shoenfeld's lodging. Ex. A to Interim Fees App. at 55, 58-61. This determination results in a deduction of $2,724.13. However, I will still reimburse the requested costs for the flights to Washington, DC, as there is insufficient information to determine the difference in cost between the flights actually booked and a flight that was booked for June 5th, and I therefore cannot conclude that a later flight would have been less expensive.

Petitioner and her family also upgraded the seats on their flights, resulting in a total expense of $231.43. Ex. A to Interim Fees App. at 51. This is inappropriate, especially considering the nature of J.G.'s injury and the fact that she no longer suffers from effects of said injury which might require special accommodations on a flight. Requests for similar upgrades have also been denied by other special masters, *see, e.g., Mooney v. Sec'y of Health & Human Servs.*, No. 05-266V, 2014 WL 7715158, at *12 (Fed. Cl. Spec. Mstr. Dec. 29, 2014), and therefore will be denied accordingly here.

Finally, Petitioner requests reimbursement for flights and lodging for Patrick, Andrew, and Mariah Gramza to attend the entitlement hearing. Ex. A to Interim Fees App. at 35. However, none of these individuals testified at the hearing; Patrick and Andrew did not even attend the hearing. This requested cost is patently unreasonable, and their flights and lodging will not be compensated. This results in a $2,492.10 deduction from the litigation costs for their travel ($830.70 per person multiplied by three flights), and a $2,511.96 deduction for their lodging ($837.32 per person[5] multiplied by three), resulting in a total deduction of $5,004.06.

---

[5] This number per person reflects only the lodging costs that have been reimbursed for June 5-8. Ex. A to Interim Fees App. at 55, 61.

The remainder of the requested litigation costs, representing payments made for filing fees, medical records, copying costs, and approved travel-related expenses, appear to be reasonable and will be reimbursed in full. Therefore, I will award $19,102.96 in litigation specific costs, plus Dr. Shoenfeld's $31,090.00 for his services, for a total award of $50,192.96 in costs.

Finally, as noted above, Petitioner separately requested $672.10 in personal costs incurred with this proceeding. These expenses were for meals and parking during their time in Washington, DC, for the entitlement hearing. As I have determined that only costs incurred on June 5-8, 2017, will be reimbursed, I will also adjust the amount awarded to Petitioner.[6] Therefore, a total of $300.42 will be deducted, resulting in an award of $371.68.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| **Attorney's Fees** |  |  |  |
| Mr. Downing | $66,710.00 | $2,812.50 | $63,897.50 |
| Ms. Van Cott | $18,349.50 | $1,462.50 | $16,887.00 |
| Mr. Redman | $6,766.50 | None | $6,766.50 |
| Mr. Cain | $593.50 | None | $593.50 |
| Ms. Avery | $3,657.00 | None | $3,657.00 |
| **Litigation Costs** |  |  |  |
| Dr. Shoenfeld | $33,840.00 | $2,750.00 | $31,090.00 |
| Airfare | $10,814.23 | $2,723.53 | $8,090.70 |
| Lodging | $14,253.99 | $5,236.09 | $9,017.90 |
| Meals | $617.50 | None | $617.50 |
| Transportation | $225.18 | None | $225.18 |
| Filing Fees, Copies, Printing | $1,151.68 | None | $1,151.68 |
| **Petitioner's Costs** |  |  |  |
| Meals | $672.10 | $300.42 | $371.68 |

---

[6] Thus, Petitioner's requested reimbursement for meals on June 3-4, 2017, will be denied. *See* Ex. B to Interim Fees App. at 2-3, 14-16.

      I therefore award a total of **$141,994.46** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq., representing attorney's fees in the amount of $91,801.50, plus costs in the amount of $50,192.96. I separately award the amount of **$371.68** to Tarah Gramza for reimbursement of her personal costs associated with this matter.

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

      **IT IS SO ORDERED.**

                                                         s/ Brian H. Corcoran
                                                         Brian H. Corcoran
                                                         Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.