# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-247V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Corcoran |
| JASMYNE GRAMZA, * | | |
| * | | |
| * | | |
| Petitioner, * | | Filed: August 17, 2018 |
| * | | |
| v. * | | |
| * | | |
| SECRETARY OF HEALTH * | | Attorney's Fees and Costs |
| AND HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * | | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Andrew D. Downing*, Van Cott & Talamante PLLC, Phoenix, AZ, for Petitioner.

*Darryl R. Wishard*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 10, 2015, Mrs. Tarah Gramza filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program") on behalf of her then-minor daughter, Ms. Jasmyne Gramza.[2] The Petition alleged that as a result of Human Papillomavirus ("HPV" or "Gardasil") vaccinations that she received on January 7, 2012, July 26, 2012, and January 23, 2013, Ms. Gramza experienced immune thrombocytopenic purpura ("ITP"). Petition at 1, 6. An entitlement hearing was held in the matter on June 6-7, 2017, and post-hearing briefs were filed by the parties simultaneously on August 15, 2017. ECF Nos. 71 & 72. On

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act without inclusion of that statutory prefix.

February 5, 2018, I issued my Decision denying entitlement. *Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2018 WL 1581674 (Fed. Cl. Spec. Mstr. Feb. 5, 2018). Petitioner sought review of this decision but was unsuccessful. *Gramza v. Sec'y of Health & Human Servs.*, 2018 WL 3868838 (Fed Cl. Aug. 15, 2018).

Petitioner previously obtained an interim award of fees and costs on June 28, 2017. *See Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2017 WL 3574794 (Fed. Cl. Spec. Mstr. June 28, 2017). This fees award covered the time period from the beginning of the case though the June 2017 entitlement hearing, exclusive of post-hearing briefing.

Ms. Gramza has now filed her final fees motion. *See generally* Motion for Final Attorney's Fees and Costs, filed August 9, 2018 (ECF No. 89) ("Fees App."). Petitioner specifically requests fees and costs in the total amount of $26,246.17 (representing $24,979.00 in attorney's fees, and $1,267.17 in costs). Petitioner states that pursuant to General Order No. 9, she has not personally incurred any expenses associated with the claim. *Id.* at 2. Respondent reacted to the instant motion on August 10, 2018, indicating that he was satisfied the statutory requirements for an award of attorneys' fees and costs were met, and deferring to my discretion to determine a reasonable award. ECF No. 90, at 2-3.

**Analysis**

I. **A Final Award of Fees and Costs is Appropriate**

I have in prior decisions set forth at length the criteria to be applied when determining if fees should be awarded for an unsuccessful claim. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4-5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if his claim fails, but to do so he must demonstrate the claim's reasonable basis[3] through some objective evidentiary showing and in light of the "totality of the circumstances." The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*, No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

---

[3] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

The Court of Federal Claims recently provided further illumination as to the standards that should be used to evaluate whether the totality of the circumstances warrant a finding that reasonable basis existed. *Cottingham v. Sec'y of Health & Human Servs.,* No. 15-1291V, 2017 WL 4546579, at *10 (Fed. Cl. Oct. 12, 2017). As Judge Williams therein stated, a special master should consider "the novelty of the vaccine, scientific understanding of the vaccine and its potential consequences, the availability of experts and medical literature, and the time frame counsel has to investigate and prepare the claim." *Id*. at *5. Additionally, the Court may look at whether appellate litigation had a reasonable basis when determining whether such work is compensable under the program. *See Hirmiz v. Sec'y of Health & Human Servs.*, 135 Fed. Cl. 260, 270 (Fed. Cl. 2017).

Here, I do not find that Petitioner's post-hearing appellate efforts were completely in vain, or that her appeal did not raise reasonably-disputed points. Indeed, the Court of Federal Claims devoted not-insubstantial attention to her arguments, as reflected in the detailed level of analysis provided. Accordingly, I find no grounds upon which to deny a final fees award in this case.

## II.   Calculating Amount of Final Award

I must now evaluate what amount of award is proper. In any Vaccine Program case in which fees are sought, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of*

---

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir.

*Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner requests that her lead attorney, Mr. Andrew Downing, be compensated for his work at the rate of $375 per hour for work performed in 2017 and $385 for work performed in 2018. Fees App. Ex. A at 10. Petitioner also requests that Ms. Courtney Van Cott be compensated for her work at the rates of $195 per hour for work performed in 2017 and $205 per hour for work performed in 2018. *Id.* Finally, Petitioner requests that all paralegal work be compensated at $135 per hour. *Id.*

In my Decision awarding interim fees and costs, I held that the above-requested rates for work performed in 2017, as well as the rate of $135 per hour for paralegal work, were all reasonable and in line with rates awarded by other special masters. *Gramza*, 2017 WL 3574794, at *3. Therefore, these rates require no adjustment. Additionally, I have previously considered the increased 2018 rates for Mr. Downing and Ms. Van Cott and have found them to be reasonable, and other special masters who have considered their more recent rates have also found them reasonable. *See Combs v. Sec'y of Health & Human Servs.*, No. 14-878V, 2018 WL 2772218 (Fed. Cl. Spec. Mstr. Apr. 23, 2018); *Cowles v. Sec'y of Health & Human Servs.*, No. 16-1164V, 2018 WL 277312 (Fed. Cl. Spec. Mstr. Apr. 26, 2018); *Chewiwi v. Sec'y of Health & Human Servs.*, No. 15-954V, 2018 WL 2225074 (Fed. Cl. Spec. Mstr. Apr. 10, 2018). Accordingly, no adjustment to any of the requested rates is required.

The hours expended on this matter (91.6) also appear to be reasonable. They include time spent reviewing the entitlement hearing transcript, drafting the post hearing brief, and fully briefing the matter on appeal to the Court of Federal Claims. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested hours will be reimbursed in full and I will award **$24,979.00** in attorney's fees to Petitioner.

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding

---

1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $1,267.17 in attorney's costs. *See* Fees App. at 1; Ex. A at 8-9. The vast majority of these costs can be attributed to the price of the entitlement hearing transcript ($1,160.25), while the balance consists of photocopy and postage charges. Petitioner has submitted documentation supporting the requested costs. Fees App. Ex. A at 11-14. I will therefore fully reimburse Petitioner for costs incurred, a total of **$1,267.17**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$26,246.17** as a lump sum in the form of a check jointly payable to Petitioner and her counsel, Andrew Downing, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the Parties' filing of a joint notice not to seek review.